IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-443-BO

| | |
|---|---|
| MARIE LEONARD, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C.R. BARD, INC. and BARD )<br>PERIPHERAL VASCULAR, INC. )<br>)<br>Defendants. ) | ORDER |

This matter is before the Court on the parties' joint motion [DE 38] to stay discovery and all pretrial deadlines.

A district court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted). The Court, having considered these factors, finds that a stay is warranted.

Accordingly, the motion to stay discovery and all pretrial deadlines [DE 38] is GRANTED. This action is STAYED for ninety days after the entry of the order while parties pursue settlement discussions.

1

SO ORDERED, this ___4___ day of November, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE